UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEANDREW SARTIN**,

       Plaintiff,

v.                                             Case No. 20-CV-1413

**MILWAUKEE SECURE
DETENTION FACILITY,** *et al.*,

       Defendants.

---

## ORDER

---

On January 5, 2021, the court screened *pro se* plaintiff Leandrew Sartin's complaint and found that it failed to state a claim upon which relief may be granted. (ECF No. 8.) However, the court noted that Sartin was trying to allege that defendants Officer Aderman and Officer Williams have engaged in an ongoing pattern to interfere with his mail. (*Id.* at 4.) Accordingly, the court gave Sartin the opportunity to amend his complaint to provide more details as to how his rights were violated. (*Id.*) Sartin had until January 26, 2021, to amend his complaint. The court informed him that, if he failed to amend his complaint by that deadline, the court would dismiss his case based on his failure to state a claim in the original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g). (*Id.* at 6.)

The January 26, 2021 deadline has passed and Sartin did not file an amended complaint. The court dismisses his case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be emailed to [DLSFedOrdersEastCL@doj.state.wi.us](mailto:DLSFedOrdersEastCL@doj.state.wi.us).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal the court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 15th day of March, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge